IN THE UNITED SATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAUL ESQUIVAL,<br><br>Plaintiff,<br><br>v.<br><br>Vlasic Farms, Inc., f.k.a. Campbell's Fresh, Inc., a subsidiary of Campbell Soup Company<br><br>Defendant. | No. **00C 2470**<br><br>Judge: **JUDGE GETTLEMAN**<br>**MAGISTRATE JUDGE DENLOW**<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff in the above-captioned matter, Raul Esquival, by and through his attorneys, Claudia Oney, P.C., and, complaining of the Defendant in the above-captioned matter, Vlasic Farms, Inc., f.k.a. Campbell's Fresh, Inc., a subsidiary of Campbell Soup Company, states as follows:

### Preliminary Statement

1. This action arises under the provisions of 42 U.S.C. §12101 et seq., the Americans with Disabilities Act (ADA) to redress unlawful discriminatory employment practices as engaged in by Defendant. Plaintiff brings this action against the Defendant for discrimination on the basis of Plaintiff's disability, perceived disability and record of disability and the failure of Defendant to reasonably accommodate Plaintiff. Declaratory, injunctive, and equitable relief are sought pursuant to 28 U.S.C. §§2201, 2202.

### Jurisdictional Statement

2. Jurisdiction is specifically conferred upon this court under 42 U.S.C. 12117, 28 U.S.C. §§2201, 2202.

### Venue

3. Venue is proper under 28 U.S.C. §§ 1343, 2201, 2202.

## Parties

4. The Plaintiff, Raul Esquival, ("Esquival") is a male citizen of the United States, who resides at 1267 E. Wilson, Batavia, IL.

5. The Defendant, Vlasic Farms, Inc., fka Campbell's Fresh, Inc., a subsidiary of Campbell Soup Company, is a corporate entity licensed to do business in the State of Illinois. At all relevant times the Defendant employed more than 500 employees.

## Procedure

6. The Plaintiff filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR"), cross-filed with the Equal Employment Opportunity Commission ("EEOC"), against the Defendant (under the corporate name Campbells Mushrooms) on April 15, 1998, alleging disability discrimination (EEOC Charge No. 21B981925). The EEOC issued Plaintiff a right to sue letter on March 20, 2000 (attached hereto as Exhibit "A"), and this Complaint is filed within 90 days of receipt thereof.

## Facts

7. Plaintiff was hired by Defendant in or about May of 1988 and worked for Defendant until April 1998.

8. At all relevant times, Plaintiff's work performance has met or exceeded Defendant's legitimate expectations.

9. Defendant learned of Plaintiff's medical condition in August of 1996, when Plaintiff sustained an injury to his back while at work.

10. On March 20, 1008, Plaintiff asked for a reasonable accommodation because of his disability, his back injury.

11. On April 14, 1998, Plaintiff was discharged because of his disability, Defendant's perception of his disability and/or the existing record of his disability. He was also discharged because he asked for an accommodation on March 20, 1998.

12. With the restrictions requested by Plaintiff, he was able to perform the essential functions of his job with reasonable accommodation. Plaintiff reaffirms, realleges and incorporates herein paragraphs 1 through 12 as though fully stated herein.

13. Plaintiff suffers from a disability.

14. Plaintiff was released by his doctor to work with certain medical restrictions.

15. Plaintiff remained able to perform the essential functions of his job with reasonable accommodation for his restrictions; he requested a transfer to a different department where an opening was available.

16. According to the Americans with Disability Act (ADA), Defendant must provide reasonable accommodation for a qualified disabled individual so long as the accommodation does not cause the employer an undue hardship.

17. The ADA sets forth the following criteria to be considered in determining whether an accommodation places an undue hardship on the employer:
- The nature and cost of an accommodation;
- The financial resources of the facility considered in connection with the number of persons employed and the effect on expenses, resources and operation of the facility;
- The overall financial resources of the employer, size of business, number of employees and number, type and location of facilities, and
- Then type of operations of the employer, including the structure and functions of the work force, geographic separateness and fiscal relationship of the facility in question to the covered entity.

18. The accommodation, given the factors prescribed by the ADA, would have placed virtually no hardship on Defendant, and certainly no undue hardship.

19. Defendant failed to enter into the interactive process with the Plaintiff as to whether it was possible to accommodate Plaintiff's disability.

WHEREFORE, the Plaintiff, Plaintiff Prays this Honorable Court enter judgment in his favor and against Defendant, and grant him declaratory, injunctive, and equitable relief available under 42 U.S.C. §12101, including but not limited to back pay,

compensatory damages, attorneys' fees and costs, punitive damages and interest thereon, and for such other relief as justice requires.

Respectfully submitted,
Raul Esquival

By One Of His Attorneys

CLAUDIA ONEY, P.C.
Claudia Oney #3122412
130 E. Randolph Suite 1200
Chicago, IL 60603
(312) 782-1900

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Raul Esquivel<br>1267 E WILSON ST 311<br>BATAVIA, IL 60510 | From: E.E.O.C<br>Chicago District Office<br>500 W. Madison Street Suite 2800<br>Chicago, IL 60661-2511 |
|---|---|

[ ] *On behalf of a person aggrieved whose identity is CONFIDENTIAL ( 29 C.F.R. 1601.7(a) )*

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 21B981925 | Nola Smith, S&L Coord. | (312) 886-5973 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] We cannot investigate your charge because it was not filed within the time limit required by law.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*_____

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission

_John P. Rowe_, District Director                 6 March 2000 (Date)

**Enclosure(s)**

cc: CAMPBELLS MUSHROOM
    1000 E HOWNTORN LN
    WEST CHICAGO, IL 60185


EXHIBIT A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ FEPA ☒ EEOC | 1998CF2508 |

Illinois Dept. of Human Rights
_State or local Agency, if any_ and EEOC

**NAME** (Indicate Mr., Ms., Mrs.): Raul Esquivel
**HOME TELEPHONE** (Include Area Code): 630-406-6810
**STREET ADDRESS**: 1267 E. Wilson St., #311
**CITY, STATE AND ZIP CODE**: Batavia, IL 60510
**DATE OF BIRTH**:

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

**NAME**: Campbells Mushroom
**NUMBER OF EMPLOYEES, MEMBERS**: 15+
**TELEPHONE** (Include Area Code): 630-231-1080
**STREET ADDRESS**: 1000 E. Howntorn Ln.
**CITY, STATE AND ZIP CODE**: West Chicago, IL 60185
**COUNTY**: Dupage

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es)):
☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☒ DISABILITY ☐ OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST (ADEA/EPA) LATEST (ALL): 3-20-98
☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional space is needed, attach extra sheet(s)):

I. A) ISSUE/BASIS
   1. DENIED A REASONABLE ACCOMMODATION ON MARCH 20, 1998, DUE TO MY DISABILITY/HANDICAP BACK INJURY (LOWER LUMBAR STRAIN).

   B) PRIMA FACIE ALLEGATIONS
   1. I am a handicapped individual within the meaning of the Human Rights Act.

   2. Respondent became aware of my condition in August of 1996, when I sustained a work related injury.

   3. On March 20, 1998, I requested a reasonable accommodation in the form of me being assigned to the packing department. No reason was given to me for the denial of the reasonable accommodation.

   4. My request for a reasonable accommodation would not have represented an undue hardship on Respondent per my medical restriction of no lifting of 20 lbs.

II. ISSUE/BASIS
   1. DISCHARGE ON APRIL 14, 1998, DUE TO MY DISABILITY/HANDICAP BACK INJURY (LOWER LUMBAR STRAIN).

Continued...hms

☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

KONAH J YANCY-MORGAN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 04/13/98
Notary Public/Seal

NOTARY - (When necessary for State and Local Requirements)
I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT: Raul Esquivel
DATE: 4-15-98

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year): 4/15/98

EEOC TEST FORM 5 (09/01/91)

Charge No. 1998CF25(
Raul Esquivel
Page 2

B) PRIMA FACIE ALLEGATIONS
 1. I am a handicapped individual within the meaning of the Human Rights Act.

 2. Respondent became aware of my condition in August of 1996, when I sustained a work related injury.

 3. My condition was unrelated to my ability to do the job had respondent provided me with a reasonable accommodation.

 4. On April 14, 1998, I was discharged. No reason was cited to me for my abrupt discharge.

 5. I was immediately replaced by a non-handicapped individual (name unknown).

HMS/DAB/abm

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
Raul Esquival

JUDGE GETTLEMAN

MAGISTRATE JUDGE DENLOW

## DEFENDANTS
Vlasic Farms, Inc. f/k/a Campbell's Fresh, Inc. a subsidiary of Campbell's Soup Company

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Cook
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Claudia Oney & Assoc.s
130 E. Randolph, #1200
Chicago, IL 60601

ATTORNEYS (IF KNOWN)

00C 2470

FILED 00 APR 25 AM 9:54 CLERK U.S. DISTRICT COURT

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☒4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

This cause of action arises under the prov.s of 42 USC subsec 12101 et seq., the A.D.A. Declaratory, injunctive, & equitable relief are sought pursuant to 28 USC subsec 2201, 2202.

DOCKETED APR 25 2000

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud ☐ 371 Truth in Lending | ☐ 690 Other | SOCIAL SECURITY | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. REMARKS
General Rule 2.21D(2) In response to ☐ is not a refiling of a previously dismissed action this case ☐ is a refiling of case number _____ of Judge _____

DATE                SIGNATURE OF ATTORNEY OF RECORD
                    4/24/00

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

JUDGE GETTLEMAN
MAGISTRATE JUDGE DENLOW

In the Matter of

Raul Esquival, Plaintiff,
v.
Vlasic Farms Inc., f/k/a/ Campbell's Fresh, Inc., a subsidiary of Campbell Soup Company.

Case Number: 00C 2470

FILED APR 25 AM 9:05
CLERK U.S. DISTRICT COURT

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Claudia Oney | NAME: |
| FIRM: Claudia Oney, P.C. | FIRM: |
| STREET ADDRESS: 130 E. Randolph, Suite 1200 | STREET ADDRESS: |
| CITY/STATE/ZIP: Chicago, IL 60601 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: 312/782-1900 | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER: 3122412 | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES [X] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [X] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
|  | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER | IDENTIFICATION NUMBER |
| MEMBER OF TRIAL BAR? YES [ ] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [ ] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

DOCKETED APR 27 2000