Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 8221 | **DATE** | 1/19/2001 |
| **CASE TITLE** | Norwest Mtg vs. Harrington et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Order granting motion for default as to Carol A. Harrington, Patrick D. Page and South Central Bank and Trust Company. Enter Order appointing Gerald Nordgren as Special Commissioner. Enter Judgment of Foreclosure.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 26 2001 | |
| | Notified counsel by telephone. | | date docketed | 7 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | DOCKETING 01 JAN 19 PM 2:13 | | |
| RJ | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

njf3

Fisher And Fisher
File # 30736

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED

JAN 1 6 2001

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| Norwest Mortgage, Inc., a California Corporation<br>Plaintiff<br>VS.<br>Carol A. Harrington and Patrick D. Page, South Central Bank and Trust Company<br>Defendant | NO. 96 C 8221<br>Judge Gottschall |

RECEIVED JAN 1 6 2001 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

## DEFAULT ORDER

THIS CAUSE COMING ON TO BE HEARD ON motion of plaintiff for entry of an Order finding certain Defendants in default;

IT IS ORDERED the following defendants are in default:

Carol A. Harrington, Patrick D. Page and South Central Bank and Trust Company.

DOCKETED
JAN 2 6 2001

DATED: 1/15/01           ENTER: _____
                                    JUDGE

Elizabeth Kaplan Meyers
Renee Meltzer Kalman
Michael S. Fisher
Kenneth J. Johnson
Erik E. Blumberg
Marc D. Engel, Julie E. Fox
FISHER AND FISHER
ATTORNEYS AT LAW, PC
120 N. LASALLE, SUITE 2520
CHICAGO, IL 60602
TELEPHONE: 773-854-8055

njf5

Fisher And Fisher
File # 30736

**FILED**

JAN 1 6 2001

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Norwest Mortgage, Inc., a California Corporation | ) ) | |
| Plaintiff | ) | |
| VS. | ) | |
| Carol A. Harrington and Patrick D. Page, South Central Bank and Trust Company | ) ) ) | NO. 96 C 8221 Judge Gottschall |
| Defendant | ) | |

ORDER APPOINTING SPECIAL COMMISSIONER

IT IS ORDERED THAT Gerald Nordgren hereby appointed Special Commissioner of this Court for the purpose of the sale at public venue of the property that is the subject matter of this action.

DATED: 1/19/01

ENTERED: _____
JUDGE

Elizabeth F. Kaplan
Renee Meltzer Kalman
Michael S. Fisher
Kenneth J. Johnson
Erik E. Blumberg
Marc D. Engel
Julie E. Fox
FISHER AND FISHER
Attorneys at Law PC
120 N. LaSalle St.
Suite 2520
Chicago, IL 60602
(773)-854-8055

**DOCKETED**

JAN 26 2001

1

njf1

Fisher And Fisher
File # 30736

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAN 16 2001

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| Norwest Mortgage, Inc., a California Corporation<br>Plaintiff<br>VS.<br>Carol A. Harrington and Patrick D. Page, South Central Bank and Trust Company Defendant | NO. 96 C 8221<br>Judge Gottschall |

RECEIVED
JAN 16 2001
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### JUDGMENT OF FORECLOSURE

This cause coming on to be heard on Plaintiff's Motion for Judgment, the Court FINDS:

1. That it has jurisdiction of the parties hereto and the subject matter hereof and that service of process in each instance was properly made.

2. That the date when the last of the owners of the equity of redemption were served with summons or by publication was January 2, 1997.

3. That the redemption period in this case shall expire on April 20, 2001, unless shortened by further order of this Court.

4. That by virtue of the Mortgage and the Note secured thereby, there is due from the Mortgagors to the Plaintiff, and the Plaintiff has a valid and subsisting lien for said amount upon the hereinafter described property as follows:

| | |
|---|---|
| Unpaid Principal: | $103,141.17 |
| Accrued interest on unpaid principal to January 19, 2001: | $ 10,813.94 |
| Advances by Plaintiff: | $ 2,831.30 |
| Late Charges | $ 464.83 |
| Bankruptcy Fees and Cost | $ 325.00 |
| Suspense Balance: | $ (612.62) |
| Costs of Suit: | $ 795.00 |
| Plaintiff's Attorneys' fees: | $ 950.00 |
| TOTAL JUDGMENT INDEBTEDNESS | $ 118,758.62 |

DOCKETED
JAN 26 2001

1

5.  The Mortgage described in the Complaint and hereby foreclosed appears of record in the Office of the Recorder of Deeds of DUPAGE County, Illinois as Document No. R95-034108, and the subject property is legally described as follows:

Lot 11 in John E. Birch's Addition to Wheaton, being a Subdivision of Part of Section 17, Township 39 North, Range 10, East of the Third Principal Meridian, according to the Plat thereof recorded March 20, 1958 as Document 874068, in Dupage County, Illinois.
C/k/a 1407 W. Beecher Ave., Wheaton, IL 60187
Tax ID#0517111012

6.  The names of Defendants personally liable for the deficiency, if any are: Patrick D. Page and Carol A. Harrington

7.  The rights and interests of all the other parties to this cause in the subject property, are inferior and subordinate to the lien of the Plaintiff and are described as follows: South Central Bank and Trust Company by reason of Mortgage dated February 1, 1996 and recorded March 8, 1996 as Document Number R96-038491 made by Patrick D. Page and Carol A. Harrington in the amount of $4,200.00..

The aforementioned liens are not to be considered judgments by virtue of this Order, but which are subject to further order of this Court.

8.  The Plaintiff has been compelled to retain legal counsel and to advance money in payment of costs, fees, expenses and disbursements for taxes, assessments and insurance in connection with this foreclosure, which under the terms of the Mortgage are made a lien upon the mortgaged real estate and which the Plaintiff is entitled to recover together with interest on all advances at the rate of interest provided in the Mortgage, from the date on which such advances are made.

9.  The allegations in Plaintiff's Complaint are true, and the equities in the cause are with Plaintiff, and Plaintiff is entitled to the relief prayed for in the Complaint including foreclosure of said Mortgage upon the real estate described therein in the amount of the Total Judgment Indebtedness as found above, together with interest thereon at the statutory rate after the entry of this Judgment and with additional advances, expenses, and court costs as may be paid out by Plaintiff thereafter.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED:

1. <u>REDEMPTION:</u> The Defendant(s) homeowner(s) are ordered to pay to the Plaintiff the Total Judgment Indebtedness found due above before the expiration of the redemption period together with additional attorneys' fees, costs, advances, and expenses incurred thereafter with interest. In default of such payment, upon expiration of the redemption period, the mortgaged real estate may, at Plaintiff's discretion, be sold to satisfy the amount due to the Plaintiff together with the interest, advances, and expenses incurred after judgment at the statutory judgment rate from the date of the Judgment. This Court has approved the portion of the lien attributable to attorneys' fees in Finding 4 only for purposes of the foreclosure sale, and not for purposes of determining the amount required to be paid personally by Defendant in the event of redemption by defendants, or a deficiency judgment, or otherwise.

2. <u>THE SALE</u> shall be by public auction with open verbal bid conducted by a Special Commissioner to be appointed by this Court. Exceptions to which title shall be subject at the sale shall include unpaid general real estate taxes, special assessments upon the real estate, easements and restrictions of record, as well as any liens of records prior in right and interest to the lien herein foreclosed as well as any subordinate liens not included in this action and not foreclosed hereby.

3. <u>PUBLICATION FOR SALE</u> A Notice Of Sale specifying the time, date and location of the sale and identifying and describing the real estate to be sold shall be published at least three consecutive calendar weeks, once in each week. The first such notice is to be published no more than 45 days prior to the sale, the last such notice to be published not less than 7 days prior to the sale, pursuant to law. If the sale is to be continued to a later date less than 60 days after the last scheduled sale, notice of any adjourned sale shall be given verbally at the originally scheduled sale time and place.

4. <u>REPORT OF SALE</u> The person conducting the sale shall prepare a Report Of Sale specifying the amount of proceeds of sale realized and the disposition thereof. Said Report shall be delivered to Plaintiff's Attorney for presentation to the Court for its approval. Out of the proceeds of the sale, the person conducting the sale shall retain his fees and costs. Out of the remainder of such proceeds, the person conducting the sale shall pay to the Plaintiff the amount of this Judgment found to be due with interest on said sum, at the rate of Nine (9%) percent per annum from the date of this Judgment to the date of sale plus advances by Plaintiff for the publication for Sale, taxes, maintenance, late charges, and other necessary items, plus interest thereon from the date of said expenditure to the date of sale.

In the event any party to this foreclosure is the successful bidder at the sale, such party may offset against the purchase price to be paid for such real estate the amounts due such party under this Judgment of Foreclosure, once said party's lien position has been adjudicated by the Court, plus amounts advanced for costs and expenses with interest thereon. In the event of a 3rd party bidder, the successful bidder shall pay to the person conducting the sale, no less than 10% down in certified funds, and the balance within 24 hours of the date of the sale. If the remainder of the proceeds shall not be sufficient to pay the above described amounts the person conducting the sale shall then specify the amount of the deficiency in his Report of Sale. If such remainder shall be more than sufficient to pay such amounts, the person conducting the sale shall hold the surplus subject to the further order of this Court.

5. <u>CERTIFICATE OF SALE:</u> After the sale, the person conducting the sale shall give a Certificate of Sale to the purchaser. The certificate shall be freely assignable by endorsement thereon. Upon confirmation of the sale by Order of this Court, the person who conducted the sale shall execute a deed to the holder of the Certificate of Sale sufficient to convey title. Such conveyance shall be an entire bar of all claims of parties to the foreclosure and all claims of non record claimants given notice of the foreclosure as provided by statute.

6. <u>POSSESSION</u> The Mortgagor shall have possession of said real estate until the sale is confirmed unless an order of Court to the contrary is entered. Upon confirmation of the sale by Order of this Court, the purchaser or his assigns, shall have a right to possession of the premises conveyed and any of the parties in this cause who are in possession of said premises, and any persons who, since the commencement of this suit, have come into possession shall surrender possession thereof to such purchaser or be subject to eviction, 30 days after the Order for Possession is entered by this Court.

7. The Court hereby retains jurisdiction of the subject matter of this cause and of all the parties hereto for the purpose of enforcing this Judgment, and for appointing a Receiver during the redemption period if necessary.

8. **TERMINATION OF LEASES** All leases now existing with respect to the subject property shall automatically be terminated upon the sale of the subject property at public auction as set forth hereinbelow.

ENTERED:

_____
Judge

DATED: 1/19/01

Elizabeth Kaplan Meyers
Renee Meltzer Kalman
Michael S. Fisher
Kenneth J. Johnson
Erik E. Blumberg
Marc D. Engel
Julie E. Fox
FISHER AND FISHER
Attorneys at Law, P.C. #3309
120 North LaSalle, Suite 2520
Chicago, IL 60602
Telephone:(773)854-8055